UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN BUNCE ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| MANN BRACKEN, LLP ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ellen Bunce, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Ellen Bunce, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant maintains a principal office in this District.

### III. PARTIES

4.  Plaintiff, Ellen Bunce, is an adult natural person residing at 284 Mount Carmel Church Road, Autryville NC 28318.

5.  Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt within the State of North Carolina and the Commonwealth of Pennsylvania with a principal place of business located at 4660 Trindle Road, Suite 300, Camp Hill PA 17011.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.  In or around the beginning of February 2009, Plaintiff began to receive a barrage of abusive telephone calls from Defendant's agents, including but not limited to Artis Kelly, Ms. Greene, Ms. Boatwright and Mr. Heinz, in regards to an alleged consumer debt, namely a Target credit card in the amount of $4361.60.

8. In or around the end of February 2009, Defendant's agent, Artis Kelly told Plaintiff she should beg, borrow or steal because Plaintiff owed Defendant money and it had to be paid in 10 days.

9. Additionally, Defendant's agent, Ms. Kelly informed Plaintiff that Defendant had every intention of taking Plaintiff to court.

10. Subsequently, Plaintiff entered into a settlement agreement with Defendant's agent, Ms. Kelly. Plaintiff agreed to pay $2200.00, of which the first payment of $2000.00 had to be paid by March 15, 2009 and the second payment of $200.00 had to be paid by April 30, 2009, to satisfy the alleged debt in full.

11. Plaintiff asked for written confirmation of the settlement. Ms. Kelly stated that written confirmation would be forthcoming.

12. Defendant's agent, Ms. Kelly then proceeded to transfer Plaintiff to her supervisor, Ms. Greene to confirm the transaction. Defendant's agent, Ms. Greene verified the settlement amount and gave Plaintiff a confirmation number of 309084 for the full settlement of the alleged debt.

13. Defendant automatically debited Plaintiff's checking account in the amount of $2000.00 on March 11, 2009. Plaintiff did not receive written notice of intent to deposit within the time allotted by the FDCPA. See a copy of the automatic debit appended hereto and marked "**EXHIBIT A**".

14. On or around April 9, 2009, Defendant began to call Plaintiff multiple times per day, every day. Automated messages were left.

15. Plaintiff was confused as to why Defendant would continue to harass her when a settlement agreement was in place and payments were being made. Plaintiff attempted to answer Defendant's calls but received an automated response each time.

16. Although the repetitive daily calls continued, Defendant once again automatically debited Plaintiff's checking account on April 30, 2009 in the amount of $200.00. See a copy of the automatic debit appended hereto and marked "**EXHIBIT B**".

17. The constant daily phone calls continued. Messages were left by an automated system and by Defendant's agent, Ms. Boatwright.

18. On or about May 18, 2009, Plaintiff was able to speak to Defendant's agent, Ms. Boatwright, who was rude and spoke over Plaintiff throughout the entire conversation.

19. Toward the end of the May 18, 2009 conversation, Defendant's agent, Ms. Boatwright stated that she did see that some type of arrangement had been made but that Plaintiff still owed Defendant $1100.00. Ms. Boatwright demanded immediate payment, indicated a lawsuit and hung up on Plaintiff.

20. Defendant's agent, Ms. Boatwright continued to call Plaintiff everyday.

21. On or about May 27, 2009, Defendant's agent, Mr. Heinz began to call Plaintiff regularly in addition to the daily harassing automated messages left by Defendant.

22. Plaintiff has never received written confirmation of the settlement of the alleged debt nor will Defendant's agents acknowledge that a settlement agreement was entered into by them.

23. To date, Defendant has not sued Plaintiff in regards to the alleged debt nor do they intend to do so.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11) and f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mann Bracken, LLP, for the following:

    a.    Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: June 22, 2009     BY:     /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff